## HURT *v.* STATE TAX COMMISSION

Louis F. Schultz, Jr., Grants Pass, Oregon, represented plaintiffs; Mr. Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered January 25, 1967.

EDWARD H. HOWELL, Judge.

Plaintiffs filed a joint state income tax return for 1961 and reported a capital gain in the amount of $10,300.00 from the sale of a retail tire business.

Immediately prior to the sale the plaintiff Mose Hurt was legally insolvent—his liabilities exceeded his assets. From the sale the plaintiffs received $10,300.00 in cash and the buyer assumed all the outstanding liabilities of the seller. The cash payment plus the liabilities assumed totalled $255,724.21 and

the cost basis of the assets conveyed was $210,309.08.

The plaintiffs had a valid loss carry forward (ORS 316.353) of $7,020.02 from the prior year and a business operating loss of $10,663.14 in 1961, the year of the sale.

The auditor for the defendant commission determined the gain on the sale to be $45,415.13 (the cash payment plus the liabilities assumed minus the cost basis of the assets). The tax commission, however, applied the federal solvency rule and limited the taxable income for 1961 to $18,391.00 (the cash payment of $10,300.00 plus a net worth of $8,091.00 as of December 1, 1961).

■ The federal solvency rule which the parties agree applies in this case is enunciated in *Texas Gas Distributing Co. v. Commissioner,* 3 TC 57, 61 (1944):

"* * * Where an insolvent debtor turns over all or part of his property to his creditors in full or partial satisfaction of his debts, if the debtor remains insolvent he realizes no taxable gain. *On the other hand, where an insolvent debtor, by reason of the transaction in question, becomes solvent he realizes taxable gain in the amount of the assets freed from the claims of creditors, i.e., to the extent by which the transaction renders him solvent."* (Emphasis supplied.)

See also: *Lakeland Grocery Co. v. Commissioner,* 36 BTA 289 (1937); 2 Mertens, Law of Federal Income Taxation, § 11.22; 14 Tax L Rev 225.

The parties agree that the plaintiff Mose Hurt was rendered solvent after the sale to the extent of $18,391.00. The taxpayers contend that they are entitled to deduct from the said $18,391.00 the sum of $10,663.14, representing a business loss in 1961 and

the further sum of $7,020.02, the loss carry forward from 1960. The plaintiffs' computation would be:

| | | |
|---|---:|---:|
| Gain realized (under solvency rule) | | $18,391.00 |
| Gross Income—1961 | | 18,391.00 |
| Less business loss | $10,663.14 | |
| Less 1960 carry forward | 7,020.02 | |
| | $17,683.16 | 17,683.16 |
| Total Taxable Income | | $ 707.84 |

The defendant argues that the original gain on the sale, $45,415.13, should be reduced by the business loss in 1961 and the loss carry forward from 1960, leaving a net income of $27,731.97 which is limited to a net taxable income of $18,391.00 under the solvency rule. The defendant's computation would be:

| | | |
|---|---:|---:|
| Gain realized on sale | | $45,415.13 |
| Gross Income—1961 | | 45,415.13 |
| Less business loss | $10,663.14 | |
| Less 1960 carry forward | 7,020.02 | |
| | $17,683.16 | 17,683.16 |
| Net Income | | $27,731.97 |
| Total Taxable Income, limited by federal solvency rule to | | $18,391.00 |

■ Counsel have not cited any cases concerning the proper method of computing the plaintiffs' taxable income for 1961. However, ORS 316.105 defines gross income as including gains, profits and income derived from whatever kind and in whatever form. The tax commission, through its Reg 316.105(1)-(M)[1] and

---

[1] Reg 316.105(1)-(M):

"The cancellation of indebtedness, in whole or in part, may result in the realization of income.

"* * * If an insolvent taxpayer effects a compromise of

its Legal Department Abstracts,[②] has recognized that the amount by which assets exceed liabilities after cancellation of indebtedness results in inclusion of that amount in gross income. Under the solvency rule the amount of gain to be included in gross income is $18,391.00. Net income is then computed by taking the gross income less the allowable deductions. ORS 316.125. The parties have stipulated that the plaintiffs' business loss of $10,663.14 for 1961 and the loss carry forward of $7,020.02 from the prior year were valid deductions. The plaintiffs are entitled under ORS 316.125 to deduct these bona fide expenses to reach taxable or net income. The plaintiffs' net taxable income for 1961 is $707.84.

No costs.

---

a part of his obligations and, as a result of such compromise, has assets exceeding his remaining obligations, the excess of assets over the remaining obligations is taxable income to him to the extent of such excess."

[②] OF 1'62, Order No. 1'42, 4-'13-43, LDA'(CE); also OF 1'32'5, Order I-56-'5, 1-2'3-'56, LDA(CE).